# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2015

Lyle W. Cayce
Clerk

No. 14-10193

JESUS M. PACHECO, and all others similarly situated under 29 U.S.C. 216(B); ANTONIO SANCHEZ; GABRIEL ROBLES; SANTOS RIVAS; LUIS ONTIVEROS; ENRIQUE RAZO; OSCAR MARTINEZ,

     Plaintiffs - Appellants

v.

PCM CONSTRUCTION SERVICES, L.L.C.; DAWNNA L. HOGAN-GUERRA; MIGUEL GUERRA,

     Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
No. 3:12-CV-4057

Before KING, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

     Plaintiffs-Appellants appeal the district court's grant of Defendants-Appellees' motion to compel arbitration on the grounds that the Defendants-Appellees waived their right to arbitration by substantially invoking the

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10193

judicial process.  For the following reasons, we AFFIRM the judgment of the district court.

## I.     Factual and Procedural Background

Plaintiffs-Appellants are former employees of PCM Construction Services, LLC, suing under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages and retaliation.  Appellants' contracts included an arbitration provision (the "Arbitration Provision"), which reads:

> EMPLOYEE AGREES TO SUBMIT ANY DISPUTE BETWEEN EMPLOYEE AND THE COMPANY, OR ANY OF THE COMPANY'S EMPLOYEES, REPRESENTATIVES OR AGENTS, TO MANDATORY, BINDING ARBITRATION.  This provision applies to all claims brought by Employee except for those related to any action pending against Company on November 1, 2011.  The arbitration will be held exclusively pursuant to the provisions of the Federal Arbitration Act ("FAA").  For Employees who work primarily in Texas, the arbitration shall be in Bexar County, Texas; for all other Employees, the arbitration shall be conducted in Raleigh, North Carolina.  The arbitration shall be presided over by a single arbitrator under the Employment rules of the American Arbitration Association applicable to such disputes(s) then in effect.  Each party to the arbitration shall equally bear the expenses of the arbitration, and the decision of the arbitrator as to any matter submitted to arbitration shall be final, conclusive, binding upon and enforceable by all parties to the arbitration.  The duty to arbitrate disputes shall survive the termination of Employee's employment with the Company and this Agreement.  Any claim subject to arbitration must be brought in the claimant's individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding.  The parties agree that the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding.

Appellant Jesus Pacheco filed a complaint on October 10, 2012, against PCM and two officers  of PCM (collectively, "PCM"), Dawna Hogan-Guerra and Miguel Guerra, alleging violations of FLSA, specifically for failure to pay overtime wages.  PCM filed an answer to Pacheco's complaint on November 2,

2012.  PCM's answer did not mention the Arbitration Provision.  In March 2013, Pacheco returned opt-in consent forms for other similarly situated former PCM employees.

On March 7, 2013, PCM moved to dismiss Appellants' claims against Hogen-Guerra and Guerra under Federal Rule of Civil Procedure 12(b)(6), arguing that Hogan-Guerra and Guerra were not Appellants' employers—rather, only PCM was.  Appellants filed an amended complaint adding additional plaintiffs on March 20, 2013.  On March 27, 2013, PCM filed a second motion to dismiss, again arguing that Hogan-Guerra and Guerra were not Appellants' employers.  The next day, Appellants filed a nine-page motion to certify a class of similarly situated employees pursuant to FLSA, 29 U.S.C. § 216(b).  Appellants and PCM filed a Joint Status Report pursuant to Federal Rule of Civil Procedure 26 and the district court's Order for Scheduling Proposals on April 11, 2013.  On April 18, 2013, PCM filed a five-page motion to deny Appellants' motion for class certification.  Shortly thereafter, on May 1, 2013, PCM filed a reply to Appellants' response to PCM's second motion to dismiss.

On November 14, 2013, PCM filed their motion to compel arbitration with the district court.  Appellants filed a response to the motion to compel arbitration on December 5, 2013.  After the magistrate judge recommended that PCM's second motion to dismiss be granted,[1] Appellants filed their Second Amended Complaint.  PCM filed a third 12(b)(6) motion to dismiss on December 30, 2013.

The district court granted PCM's motion to compel arbitration and dismissed Appellants' complaint with prejudice.  In rejecting Appellants'

---

[1] The magistrate judge also recommended, in a separate document filed December 18, 2013, that Appellants' class certification motion be granted.

argument that PCM waived arbitration by substantially invoking the judicial process, the district court reasoned that PCM had not filed any discovery on its own and that PCM's motions to dismiss were brief in length, focused on only a single issue, and had not been ruled on at the time PCM moved to compel arbitration. The district court also noted that PCM's thirteen month delay did not appear to be a disfavored tactical delay and that all of PCM's actions before the district court were merely defensive. The district court further held that Appellants had failed to demonstrate prejudice, because "their briefing in response to one motion to dismiss was fairly limited in scope and length, and they will have the burden on the issue of whether the Individual Defendants qualify as employers under the FLSA whether the case proceeds in federal court or arbitration." As such, the district court concluded that Appellants had not "incurred any fees in this litigation that they would not have incurred in arbitration" and that Appellants' "'generalized protestations' regarding delay and case activity are too tenuous to establish prejudice and overcome the strong federal presumption in favor of arbitration." Appellants then appealed to this court.

## II.     Enforceability of the Arbitration Provision

Appellants first contend that the district court erred in compelling arbitration because the Arbitration Provision is unenforceable. A district court's grant of a motion to compel arbitration is reviewed de novo. *Covington v. Aban Offshore Ltd.*, 650 F.3d 556, 558 (5th Cir. 2011). A district court must compel arbitration if there is an agreement for arbitration and a party has failed to comply with that agreement. 9 U.S.C. § 4. The determination of whether there is a valid agreement to arbitrate is generally governed by "ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Appellants argue that the Arbitration Provision is an unenforceable illusory promise and that it

fails for lack of consideration.  Before the district court, however, they argued only that the Arbitration Provision did not cover Appellants' claims, that the Arbitration Provision was procedurally and substantively unconscionable, that the Arbitration Provision imposed prohibitive costs on Appellants, that the Arbitration Provision impermissibly forced Appellants to waive their substantive rights under FLSA, and that PCM waived its right to arbitration by substantially invoking the judicial process, discussed in Part III *infra.*  As Appellants failed to argue that the Arbitration Provision was illusory or lacked consideration before the district court, these arguments are waived.  *See Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 267 (5th Cir. 2014) ("The general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal" (internal quotation marks omitted)).

### III.   Waiver of the Right to Arbitrate

We also reject Appellants' argument that PCM waived its right to arbitration by substantially invoking the judicial process.  A district court's determination that a party has waived its right to arbitration is reviewed de novo, though the factual findings underlying that determination are reviewed for clear error.  *In re Mirant Corp.*, 613 F.3d 584, 588 (5th Cir. 2010).  A party waives its right to arbitration by (1) substantially invoking the judicial process (2) to the detriment or prejudice of the other party.  *Id.*  "The question of what constitutes a waiver of the right of arbitration depends on the facts of each case."  *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 420 (5th Cir. 1985).  There is, however, "a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden."  *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004).

Beginning with the first element, we conclude that PCM did not substantially invoke the judicial process. In order to substantially invoke the judicial process and waive the right to arbitration, the party seeking arbitration must have taken acts in the lawsuit sufficient to "demonstrate[] a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id.* at 345 (internal quotation marks omitted). PCM's actions in this case were relatively limited. PCM's motions to dismiss were confined to a single issue—whether Guerra and Hogan-Guerra qualified as "employers" under FLSA—and were very brief in length. We also significantly discount the relevance of PCM's third motion to dismiss, as it was filed after PCM moved to compel arbitration. Once a defendant has put the plaintiff on notice of its intent to demand arbitration, the plaintiff's burden of showing waiver by subsequent acts of the defendant is heavier. *Cf. Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 897 (5th Cir. 2005) ("[The burden of showing waiver of the right to arbitration] falls even more heavily when the party seeking arbitration has included a demand for it in its answer." (internal quotation marks omitted)); *Tenneco Resins*, 770 F.2d at 420 ("Thus, once the defendant, *by answer*, has given notice of insisting on arbitration, the burden is heavy on the party seeking to prove waiver." (internal quotation marks and brackets omitted)). Further, while Appellants had sent out discovery, PCM had not yet responded or propounded its own discovery requests prior to moving to compel arbitration, a factor we have considered relevant in prior cases. *See Tenneco Resins*, 770 F.2d at 421 ("However, when only a minimal amount of discovery has been conducted, which may also be useful for the purpose of arbitration, the court should not ordinarily infer waiver based upon prejudice to the party opposing the motion to stay litigation . . . ."). Moreover, while PCM did file a response in opposition to Appellants' motion for class certification, PCM filed its motion to compel arbitration before the magistrate

judge recommended certifying the class or propounded a recommendation on PCM's motion to dismiss, thus avoiding one of the concerns discussed in *Mirant*. *See Mirant*, 613 F.3d at 591 ("To hold otherwise would encourage litigants to delay moving to compel arbitration until they could ascertain how the case was going in federal district court." (internal quotation marks omitted)). Given the limited scope of PCM's actions in this case, they are insufficient to overcome the "strong presumption against finding a waiver of arbitration." *Republic*, 383 F.3d at 344.

As we conclude that PCM did not substantially invoke the judicial process, we need not, and therefore do not, address the prejudice element.[2]

## IV.  Conclusion

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

[2] Appellants argue that the district court should have dismissed the case without prejudice or stayed the litigation pending the arbitration rather than dismissing the case with prejudice. While dismissal of an action pendant to a motion to compel arbitration may be a debatable procedure, *see Lloyd v. Hovensa, LLC*, 369 F.3d 263, 268–71 (3d Cir. 2004) (criticizing cases approving of dismissal rather than a stay by citing the role played by district courts under the FAA even after an action has been stayed pending arbitration and the effect of a dismissal rather than a stay on appellate rights under section 16 of the FAA), Appellants' argument on this point is foreclosed by our circuit's prior precedent, as the district court determined that all claims in the suit were subject to arbitration, *see Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1991) ("Because it determined that all of Alford's claims were subject to arbitration, the district court acted within its discretion when it dismissed this case with prejudice.").