[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14635
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-80467-JG


ENRIQUE COLLADO,

Plaintiff-Appellee,

JUAN GIRON,
and others similarly situated,
JOEL RUBIO,
ANTONIO WOODSON,
DANNY RHINEHART, et al.,

Plaintiffs,

versus

J. & G. TRANSPORT, INC.,

Defendant-Appellant,

IVIS GUZMAN,
individually, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 21, 2016)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Enrique Collado filed a collective action lawsuit under the Fair Labor Standards Act alleging that J. & G. Transport, Inc. (J&G) failed to pay its truck drivers for overtime work.[1]  J&G waived its contractual right to compel arbitration by participating in the litigation, but when Collado amended his complaint to add state law claims for breach of contract and quantum meruit, J&G moved to compel arbitration as to those new claims.  The district court denied the motion to compel arbitration, finding that the addition of those state law claims did not unexpectedly change the scope or theory of the litigation to an extent that would give J&G the authority to insist on arbitration of those new claims.  This is J&G's interlocutory appeal of that ruling.  See 9 U.S.C. § 16(a)(1).

**I.**

In June 2014 Collado filed an amended complaint alleging that he had worked for J&G as a truck driver hauling garbage, debris, and mulch from

---

[1] Collado also named two of J&G's corporate officers, but they are not parties to this appeal.

2

July 2013 into January 2014, during which time he worked about 85 hours per week. According to Collado, J&G made its truck drivers sign an independent contractor agreement in a scheme to evade the FLSA's overtime wage requirements. He sought compensatory and liquidated damages for the purported failure to pay him and similarly situated employees the overtime wages required by the FLSA.[2]

Immediately after the close of discovery and shortly before trial was scheduled to begin, Collado moved to file a second amended complaint seeking to add state law claims for breach of contract and quantum meruit. He asserted that an addendum to the agreement provided that his compensation was to be 35% of the adjusted gross revenue received by J&G for loads that he accepted and completed, but that on the last day of discovery J&G had disclosed documents showing that he was actually paid less than that. And, he continued, it was not until after discovery ended that J&G explained, in response to an interrogatory, its position that the addendum did not apply to Collado because of the type of loads he was hauling.

J&G opposed the motion to amend the complaint, arguing that Collado should not be permitted to file a second amended complaint so close to trial

---

[2] Collado's initial complaint and first amended complaint also raised an FLSA claim relating to J&G's purported failure to pay him and other drivers the minimum wage. Because he dropped that claim in his second amended complaint, we do not address it.

because he had been aware of the potential breach of contract claim for some time. It pointed to allegations in Collado's first amended complaint, filed a year earlier, and asserted that they showed that he had been aware of a potential breach of contract claim at that time.  J&G also argued that shortly after Collado filed his first amended complaint, one of its corporate officers testified in deposition that the compensation rate provided in the addendum did not apply to drivers like Collado, which put Collado on notice of the potential claim well before he moved to amend his complaint.  J&G contended that it would be a waste of judicial resources to permit amendment only to later compel arbitration of the state law claims.

The district court granted Collado's motion to file a second amended complaint, finding that he could not have discovered the potential breach of contract claim until he learned how much money J&G earned per haul.  After Collado filed his second amended complaint, J&G immediately moved to dismiss the new state law claims or, in the alternative, to compel arbitration of those claims.  J&G conceded that it had waived arbitration of Collado's FLSA claim but argued that the second amendment to his complaint revived its right to elect arbitration of the state law claims because those new claims unexpectedly broadened the scope of the case.

4

The district court denied J&G's motion.  It concluded that while Collado's second amended complaint altered the theory of the case, the alteration was not unexpected and fairness did not compel reviving J&G's right to elect arbitration.

## II.

We review de novo a district court's denial of a motion to compel arbitration.  Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004).  The law is that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Federal policy strongly favors enforcing arbitration agreements.  See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25, 103 S. Ct. 927, 941 (1983); Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1200 n.17, 1203 (11th Cir. 2011); Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1315 (11th Cir. 2002).  But "courts will not compel arbitration when the party who seeks to arbitrate has waived its right to do so."  Krinsk, 654 F.3d at 1200.  In limited circumstances, however, where a party has waived the right to compel arbitration, an amended complaint can revive that right "if it is shown that the amended complaint unexpectedly changes the scope or theory of the plaintiff's claims."  Id. at 1202.

J&G concedes that it waived its right to compel arbitration with respect to Collado's FLSA claim but contends that it has the right to compel arbitration of the

5

state law claims that were not pleaded until after it had litigated to the point of waiver the FLSA claim. The pleading of those state law claims thereafter in the second amended complaint, it argues, unexpectedly changed the scope or theory of the litigation.[3] Collado does not dispute that his second amended complaint changed the scope or theory of the litigation, but he argues that it still did not revive J&G's right to compel arbitration because that change was not unexpected.

The parties rely on our Krinsk decision as the closest precedent on point, but that case is not quite the same as this one. In the Krinsk case, the plaintiff brought a class action lawsuit against the defendant, estimating that the class would consist of hundreds of class members. Id. at 1197–98. The defendant waived the right to compel arbitration by engaging in the judicial process. Id. at 1198–99, 1202. The plaintiff later amended the complaint, asserting "revised, but mostly similar, claims," and expanding the class definition so that it included "thousands—if not tens of thousands" of potential class members. Id. at 1199. The defendant filed a motion to compel arbitration, which the district court denied. Id. at 1199–1200. We vacated that order, holding that the amended complaint revived the defendant's right to compel arbitration, which it had previously waived, because the defendant

---

[3] J&G relies heavily on an unpublished decision from this Court, Plaintiffs' Shareholders Corp. v. Southern Farm Bureau Life Insurance Co., 486 F. App'x 786, 787–88 (11th Cir. 2012). Unpublished decisions are not binding authority and they are "persuasive only to the extent that a subsequent panel finds the rationale expressed in that opinion to be persuasive after an independent consideration of the legal issue." Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co., 480 F.3d 1254, 1260 n.3 (11th Cir. 2007).

could not have foreseen such a major change to the definition of the class. Id. at 1204.

This case is different from Krinsk because the amended complaint in that case "asserted revised, but mostly similar, claims." Id. at 1199. It did not plead any new claims. The substantial change that motivated the Krinsk decision was, instead, the substantial increase in the size of the plaintiff class and the resulting increase in the size of the defendant's potential liability. The defendant had waived the right to arbitrate the claims of hundreds of plaintiffs, but it had not waived the right to arbitrate the claims of thousands, if not tens of thousands, of plaintiffs. Id. at 1198–99, 1204.

The change wrought by the amendment in this case was not in the number of plaintiffs but in the type of claim asserted. The case began as one asserting a federal claim. Only after J&G had waived by litigation its right to arbitrate that claim did Collado file the amendment changing the case to one asserting both federal and state claims. Waiver of the right to arbitrate a federal claim does not extend to later asserted state claims. Some cases speak of revival of a waived right to arbitrate. See, e.g., Krinsk, 654 F.3d at 1202–03 (collecting cases). In these circumstances, however, it is more accurate to say that there was never a waiver of the right to arbitrate the state claims in the first place.

7

A Seventh Circuit case is instructive.  In <u>Dickinson v. Heinold Securities,</u> <u>Inc.</u>, 661 F.2d 638, 640 (7th Cir. 1981), the plaintiff filed an initial complaint raising two claims.  The first count presented a non-arbitrable federal securities claim.  <u>Id.</u>  The second count incorporated by reference the federal securities claim and also alleged that the defendant's conduct violated the parties' agreement, but it did not expressly raise a breach of contract claim, which would have been arbitrable.  <u>Id.</u>  Almost a year after filing the initial complaint, as the parties engaged in discovery, the plaintiff filed an amended complaint clarifying that only the first count raised a federal securities claim and asserting that the second count was a state law breach of contract claim.  <u>Id.</u> at 640–41.  The amended complaint also raised two other state law claims.  <u>Id.</u>  The defendant moved to stay the proceedings pending arbitration of the state law claims.  <u>Id.</u> at 641.

The Seventh Circuit determined that even though "the complaint might eventually have been construed, within the loose strictures of notice pleading, as stating a claim for breach of contract," it was reasonable for the defendant to assume that the complaint raised only non-arbitrable federal securities claims.  <u>Id.</u> at 641–42.  As a result, the defendant had not waived its right to compel arbitration of the state law claims — not even for the breach of contract claim alluded to, but not clearly stated, in the original complaint.  <u>Id.</u>

8

As in <u>Dickinson</u>, J&G did not waive the right to arbitrate the state law claims raised in the second amended complaint because those claims were not in the case when it waived by litigation the right to arbitrate the FLSA claim. If anything, this case is even more clear-cut than <u>Dickinson</u> because the initial complaint in that case arguably raised a state law claim, <u>see</u> <u>id.</u> at 640, while Collado's first amended complaint clearly did not.

J&G did argue, in response to Collado's motion to file a second amended complaint, that his first amended complaint "reveal[ed] that a potential breach of contract action was an issue then known to Collado[ ]." From that Collado argues that J&G must also have known there was a state law claim lurking in the case. But knowing that a potential claim may lurk in the shadows of a case is not the same as litigating against a claim that has been brought out into the open in a pleading. A defendant is not required to litigate against potential but unasserted claims. By the same token, a defendant will not be held to have waived the right to insist that previously unasserted claims be arbitrated once they are asserted. Any other rule would put a defendant in an awkward if not absurd position. A defendant who was willing to litigate the claim pleaded against it would need to identify all of the possible claims that could have been but weren't pleaded against it and file a motion insisting that those unpleaded claims be arbitrated. Otherwise,

9

under Collado's position, the defendant would waive the right to arbitrate those claims if they ever were pleaded.

We hold that J&G's waiver through litigation of the right to arbitrate Collado's FLSA claim does not extend to the state law claims that were pleaded for the first time after J&G had litigated to the point of waiver the FLSA claim. See Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n, 62 F.3d 1356, 1366 (11th Cir. 1995) ("Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party."); see also Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1223 (11th Cir. 2000) (concluding that the defendant did not waive its right to arbitrate because its "demand for arbitration was made promptly after the lawsuit was filed").

We **VACATE** the district court's order denying J&G's motion to compel arbitration of the state law claims and **REMAND** the case for further proceedings consistent with this opinion.