**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit
**FILED**
November 28, 2018
Lyle W. Cayce
Clerk

No. 17-10883

VICKIE FORBY, individually and on behalf of all others similarly situated in Illinois,

Plaintiff - Appellant

v.

ONE TECHNOLOGIES, L.P., ONE TECHNOLOGIES MANAGEMENT, L.L.C.; ONE TECHNOLOGIES CAPITAL, L.L.P.,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before GRAVES and COSTA, Circuit Judges, and BENNETT, District Judge.[*]
ALFRED H. BENNETT, District Judge:

　　Plaintiff-Appellant Vicky Forby ("Forby") appeals the district court's grant of Defendant-Appellee One Technologies, L.P.'s ("One Tech") motion to compel arbitration. Forby contends that the district court erred in finding she

_____

[*] District Judge for the Southern District of Texas, sitting by designation.

No. 17-10883

was not prejudiced by One Tech's substantial invocation of the judicial process. For the reasons set forth below, we conclude that the district court erred when it found One Tech had not waived its right to arbitration because Forby had not demonstrated that she was prejudiced. Accordingly, we reverse the district court's judgment.

I.

On April 24, 2015, Forby filed a class action in Illinois state court that was later removed to the United States District Court for the Southern District of Illinois on July 14, 2015. Forby brought claims against One Tech for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and unjust enrichment under Illinois law. In the notice of removal, One Tech did not reference arbitration but rather argued that Forby's claims were baseless, and that no class should be certified. On July 21, 2015, One Tech filed a motion to dismiss for failure to state a claim and, in the alternative, moved to transfer the case for forum non conveniens, arguing that Forby's claims were subject to arbitration in Texas and that an Illinois district court could not compel arbitration outside of the confines of its district. On September 4, 2015, One Tech filed an opposed motion to stay discovery until the Illinois district court ruled on the motion to dismiss. On March 25, 2016, the Illinois district court issued a Memorandum and Order transferring the case to the Northern District of Texas.

After the case was transferred, One Tech retained new counsel, who filed an unopposed extension of time to answer the complaint to "investigate [Forby's] claims and prepare an appropriate response." On May 9, 2016, One Tech filed a 12(b)(6) motion to dismiss, asking the Texas district court to dismiss all of Forby's claims with prejudice. The motion to dismiss did not mention arbitration. Forby filed her response to One Tech's motion to dismiss.

No. 17-10883

In its reply to Forby's response, One Tech once again did not mention compelling arbitration. On March 31, 2017, the district court denied the motion to dismiss with respect to Forby's ICFA claim concerning the deceptiveness of One Tech's website and granted the motion as to the unjust enrichment claim—dismissing that claim with prejudice.

On April 17, 2017, four days after attending a Rule 26(f) conference and receiving Forby's requests for production, One Tech finally filed its motion to compel arbitration. Additionally, that same day, One Tech filed an expedited motion to stay all discovery pending the resolution of the motion to compel. On April 24, 2017, the district court conducted a hearing and granted the motion to stay.

On July 7, 2017, the district court issued an order granting One Tech's motion to compel arbitration and dismissed the case with prejudice. The district court found that One Tech had substantially invoked the judicial process but that Forby had not suffered prejudice. Specifically, the district court stated that Forby had "suffered some prejudice" but not to "the extent required by existing precedent in the Fifth Circuit," concluding that "the only prejudice that Forby has adequately demonstrated is delay, and delay alone is insufficient . . . ." Forby now appeals the decision of the district court.

## II.

We review the district court's determination of a motion to compel arbitration de novo, but review any factual findings underlying that determination for clear error. *Janvey v. Alguire*, 847 F.3d 231, 240 (5th Cir. 2017).

## III.

"Although waiver of arbitration is a disfavored finding," the right to arbitrate—like all contract rights—is subject to waiver. *Nicholas v. KBR, Inc.*,

3

565 F.3d 904, 907 (5th Cir. 2009). "[A] party waives its right to arbitrate if it (1) 'substantially invokes the judicial process' and (2) thereby causes 'detriment or prejudice' to the other party." *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 421 (5th Cir. 2014) (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir.1986)).

A.

We first examine whether One Tech substantially invoked the judicial process. To invoke the judicial process, a party "must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *In Re Mirant*, 613 F.3d 584, 589 (5th Cir. 2010) (quoting *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999)). "A party waives arbitration by seeking a decision on the merits before attempting to arbitrate." *Id.* (quoting *Petroleum Pipe Ams. Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009)). "A dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit." *Id.* (quoting *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 940 (5th Cir. 1988)).

One Tech was fully aware of its right to compel arbitration when it filed its 12(b)(6) motion to dismiss. After all, it presented the right to arbitration as the reason it sought to transfer the case from Illinois to Texas. However, once in Texas, One Tech did not move to compel arbitration even in the alternative to its motion to dismiss. Rather, it pursued and partially obtained a dismissal with prejudice of Forby's claims. One Tech's action of moving to dismiss Forby's claims with no mention of compelling arbitration demonstrated a desire to resolve the dispute in litigation rather than arbitration.

The cases One Tech cites in which courts found no invocation of the judicial process are distinguishable from its full-throated attempt to win this

case on the merits in federal court. Some of those cases found that the party seeking arbitration did not invoke the judicial process because its motion to dismiss was filed concurrently with a motion to seek arbitration. *See, e.g.*, *Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 897 (5th Cir. 2005) (motion for summary judgment filed concurrently with motion to compel arbitration). In others, the party seeking arbitration did not wait for the court's merit ruling—and thus get a sense of the court's view of the case—before moving to compel arbitration. *Pacheco v. PCM Const. Servs., L.L.C.*, 602 F. App'x 945, 948 (5th Cir. 2015) (motions to dismiss dealt with narrow ancillary issues and had not been ruled on when the motion to compel arbitration had been filed.). Even further afield are cases in which the party seeking arbitration never sought a merits ruling in court but only delayed or raised procedural concerns. *See Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 485 (5th Cir. 2002); *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140 (5th Cir. 1985). In contrast, One Tech sought a full dismissal on the merits—prejudice attaches to a Rule 12(b)(6) dismissal. Its conduct thus fits squarely within our caselaw recognizing that the judicial process is invoked when a party "seek[s] a decision on the merits before attempting to arbitrate." *Petroleum Pipe*, 575 F.3d at 480; *see also Mirant*, 613 F.3d at 589. Accordingly, the district court was correct in finding One Tech substantially invoked the judicial process.

### B.

"In addition to invocation of the judicial process, the party opposing arbitration must demonstrate prejudice before we will find a waiver of the right to arbitrate." *Nicholas*, 565 F.3d at 910. Prejudice "refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later

seeks to arbitrate that same issue." *Republic Ins. Co. v. PAICO Receivables, L.L.C.*, 383 F.3d 341, 346 (5th Cir. 2004) (quoting *Subway Equip.*, 169 F.3d at 327)). It is true that delay in asserting the right to arbitrate alone will not result in waiver. *Nicholas*, 565 F.3d at 910 (citing *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002)). However, "such [a] delay 'does bear on the question of prejudice, and may, along with other considerations, require a court to conclude that waiver has occurred.'" *Id.* (quoting *Republic Ins.*, 383 F.3d at 346 (citation omitted)). When a party fails to demand arbitration and engages in activity inconsistent with the intent to arbitrate, the party later opposing a motion to compel may more easily show that its position has been prejudiced. *Id.*

One Tech received a transfer to Texas for the sole purpose of compelling arbitration but waited thirteen months before moving to compel arbitration while it attempted to obtain a dismissal with prejudice from the district court. The district court correctly concluded that Forby experienced prejudice from One Tech's delay in invoking arbitration. "A party cannot keep its right to demand arbitration in reserve indefinitely while it pursues a decision on the merits before the district court." *Mirant*, 613 F.3d at 591. However, the district court failed to find prejudice for damage to Forby's legal position or from additional expenses incurred litigating her case in the district court.[1]

---

[1] The district court concluded that it could not determine whether Forby incurred significant legal expenses because she did not "state the costs she incurred while responding to" One Tech's motion to dismiss. This Court does not require a party to put on specific "evidence in terms of dollars and cents of its litigation costs" to determine that the party suffered an increase in legal expenses. *Nicholas*, 565 F.3d at 910. Whether a party suffered an increase in legal expenses due to a delay in the invocation of arbitration can be discerned from the litigation activities the parties engaged in prior to the motion to compel arbitration. *Id.*; *see also Janvey v. Alguire*, 847 F.3d 231, 244 (5th Cir. 2017). However, with no factual finding concerning Forby's legal expenses, the Court cannot say that the district court clearly erred on this point.

The district court erred in concluding that Forby failed to establish prejudice to her legal position. When a party will have to re-litigate in the arbitration forum an issue already decided by the district court in its favor, that party is prejudiced. *Nicholas*, 565 F.3d at 911; *see also Petroleum Pipe*, 575 F.3d at 482 (citing *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991) ("Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration."). A party does not get to learn that the district court is not receptive to its arguments and then be allowed "a second bite at the apple through arbitration." *Petroleum Pipe*, 575 F.3d at 482.

One Tech's motion to dismiss included the attachment of declarations and exhibits detailing One Tech's website and went directly to the merits of Forby's ICFA claim. Specifically, the motion requested that the district court find the disclosures present on One Tech's website meant that the website was not deceptive as a matter of law. The district court was not receptive to One Tech's argument and declined to find that the website was not deceptive as a matter of law. To be sure, the Rule 12 ruling did not finally resolve whether the website was deceptive. However, it was not a motion seeking dismissal because of a technical pleading deficiency—it asked the court to look at the key question the case presents concerning adequacy of the website disclosures. If this case were to proceed to arbitration, Forby would have to re-litigate whether One Tech's website was deceptive in front of an arbitrator after One Tech already tested its arguments with a district court judge. Furthermore, One Tech's agreement not to seek a Rule 12 dismissal in the arbitration would not eliminate the prejudice from withdrawing this dispute from the court where its attempt at early dismissal failed. One Tech was able to check the district court's temperature on the disclosure issue. It should not now be able

to move the case to a forum that might prove more favorable. Therefore, we find that Forby's legal position was damaged by One Tech's delay in moving to compel arbitration. Accordingly, the district court erred in finding Forby was not prejudiced.

## IV.

For the foregoing reasons, the district court's determination that One Tech did not waive its right to arbitration was in error. We hold that One Tech substantially invoked the judicial process and that Forby was prejudiced thereby. Accordingly, the order of the district court finding Forby had not suffered enough prejudice to establish waiver is REVERSED. The district court's order granting One Tech's motion to compel arbitration is VACATED. The case is hereby REMANDED to the district court for further proceedings consistent with this opinion.