# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2021

Lyle W. Cayce
Clerk

No. 20-10088

Vickie Forby, *individually and on behalf of all others similarly situated in Illinois*,

*Plaintiff—Appellee*,

*versus*

One Technologies, L.P.; One Technologies Management, L.L.C.; One Technologies Capital, L.L.P.,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-856

Before Jones, Costa, and Duncan, *Circuit Judges*.

Stuart Kyle Duncan, *Circuit Judge*:

We again address a class action claiming that One Technologies, L.P. ("One Tech"), duped consumers into signing up for "free" credit reports that were not really free. The last time around, we ruled One Tech waived its right to arbitrate the plaintiffs' state-law claims. *Forby v. One Technologies, L.P.*, 909 F.3d 780 (5th Cir. 2018) [hereinafter *Forby I*]. Now, we consider whether One Tech also waived its right to arbitrate federal claims added after remand. Adhering to our precedent that waivers of arbitral rights are

evaluated on a claim-by-claim basis, *see Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 328 (5th Cir. 1999), we hold that One Tech did not waive its right to arbitrate the new federal claims. The district court erred by holding otherwise. We therefore reverse and remand.

## I.

In July 2014, Vickie Forby signed up for a free credit report on Scoresense.com, a website operated by One Tech. She entered her credit card information, authorizing a $1.00 charge ostensibly to verify her identity and obtain her report. The website required Forby to navigate through five enrollment pages, each containing a hyperlink to the Terms and Conditions (the "terms"). She had to check a box to agree to the terms before completing the process. The terms advise in all-caps that, by enrolling, "you authorize us to charge your credit card . . . the stated enrollment or transaction amount and/or processing fees . . . per month after your free trial has expired," and then, in regular text, that "[y]our enrollment will continue month-to-month unless and until you cancel." This is known as "negative option billing" because customers must opt out to stop charges rather than opting in to approve them. The terms also include this arbitration clause in all-caps:

> All claims, disputes or controversies . . . shall be resolved by final and binding arbitration that will be held in Dallas, Texas, pursuant to the rules of the American Arbitration Association.

Forby claims she did not realize she was enrolled in a negative-option program until discovering multiple monthly charges of $29.95. She also claims One Tech ignored her request to be removed from the program. Forby filed a class action lawsuit in Illinois, claiming violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.*, and also unjust enrichment under Illinois law. ICFA is "a broad regulatory and remedial statute intended to protect consumers,

No. 20-10088

borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *McIntosh v. Walgreens Boots Alliance, Inc.*, 135 N.E.3d 73, 80 (Ill. 2019). Forby alleged her experience was typical of other proposed class members, originally defined as "[a]ll persons in Illinois whom [One Tech] enrolled in [its] credit monitoring program from 2008 to [April 24, 2015]."

One Tech removed the case to the Southern District of Illinois, which transferred it to the Northern District of Texas.[1] One Tech then moved to dismiss for failure to state a claim, arguing that its website was not deceptive, that it did not engage in unfair conduct, and that Forby had at most alleged a breach of contract. The district court granted One Tech's motion as to Forby's unjust enrichment claim but denied it as to her ICFA claim. Only then did One Tech move to compel arbitration. The district court granted the motion, but our court reversed on appeal. In *Forby I*, 909 F.3d at 784, we concluded One Tech had waived its right to arbitrate. Although "One Tech was fully aware of its right to compel arbitration when it filed its 12(b)(6) motion to dismiss," it "pursued and partially obtained a dismissal with prejudice," showing "a desire to resolve the dispute in litigation rather than arbitration." *Ibid.* And by doing so, it prejudiced Forby, who "[i]f this case were to proceed to arbitration, [] would have to re-litigate" her claims "in front of an arbitrator after One Tech already tested its arguments with a

---

[1] Forby is an Illinois citizen. One Tech is a Delaware partnership headquartered in Texas. The other named defendants—One Technologies Management, LLC, and One Technologies Capital, LLP—are both Texas entities. Because Forby's complaint sought more than $5 million in damages, the district court had jurisdiction under 28 U.S.C. § 1332(d)(2)(A) (providing jurisdiction over a "class action . . . in which any member of a class of plaintiffs is a citizen of a State different from any defendant" and the matter in controversy exceeds $5 million). The district court transferred the case under § 1404(a).

No. 20-10088

district court judge." *Id.* at 785–86. We therefore vacated the order compelling arbitration and remanded. *Id.* at 786.

Forby was then granted leave to file a second amended complaint. In it she added a new claim under the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*, a consumer protection statute that "regulates the practices of credit repair organizations" in various ways. *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012); *see also* 15 U.S.C. § 1679a(3) (defining "credit repair organization"). Forby alleged One Tech violated CROA by deceptively offering consumers "free" access to their credit scores without disclosing they would be enrolled in a monitoring program for $29.95 per month.[2] Forby also alleged One Tech violated CROA by: (1) charging consumers for services before fully performing them, § 1679b(b);[3] (2) failing to give consumers notice of their rights, as required

---

[2] *See, e.g.*, *id.* § 1679b(a)(3) (providing "[n]o person may . . . engage, directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization").

[3] Section 1679b(b) provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

No. 20-10088

by §§ 1679c(a) and 1679e(b);[4] and (3) trying to get consumers to waive their CROA rights, in violation of § 1679f(b).[5]

One Tech again moved to compel arbitration. It argued that because Forby's second amended complaint had "significantly reshape[d] and broaden[ed] this case," One Tech's waiver should be rescinded. Relying on *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202–03 (11th Cir. 2011), One Tech contended that a waived arbitration right may be "revived" if an amended complaint "changes the scope or theory of the plaintiff's claims." Alternatively, citing *Collado v. J & G Transportation, Inc.*, 820 F.3d 1256, 1261 (11th Cir. 2016), One Tech argued it should at least be able to arbitrate the CROA claim because it "could not possibly have waived its right to arbitrate" that new claim, which was raised after the previous waiver occurred.

Adopting the magistrate's report, the district court denied One Tech's motion. It reasoned that our circuit had not adopted *Krinsk* and that, even if it had, Forby's second amended complaint "d[id] not alter the scope or theory of the underlying litigation in an unforeseeable way." To the contrary, the added CROA claim turned on "the same core of operative facts" underlying the ICFA claim. Moreover, "the potential class" was not

---

[4] Section 1679c(a) requires informing consumers, *inter alia*, of their rights to "dispute inaccurate information," to "sue a credit repair organization that violates CROA," and to "cancel a contract with a credit repair organization for any reason within 3 business days from the date you signed it." Section 1679e(b) requires each contract with a credit repair organization be accompanied by a "Notice of Cancellation" form specifically notifying the consumer in bold face type of their cancellation rights.

[5] Section 1679f(b) prohibits "[a]ny attempt by any person to obtain a waiver from any consumer of any protection provided by or any right of the consumer under this subchapter."

No. 20-10088

"significantly expanded by [Forby's] CROA claim."[6] One Tech filed an interlocutory appeal of the order denying arbitration, over which we have jurisdiction. *See In re Mirant Corp.*, 613 F.3d 584, 588 (5th Cir. 2020) (citing *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009)).

## II.

"We review whether a party's conduct amounts to a waiver of arbitration *de novo*, but we review any factual findings underlying the district court's waiver determination for clear error." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004) (citation omitted).

## III.

On appeal, One Tech presses only the argument that its prior waiver of arbitral rights, addressed in *Forby I*, does not extend to the federal claims Forby raised for the first time in her second amended complaint.[7] We agree with One Tech that it has not waived its right to arbitrate these new claims.[8]

Because "there is a strong presumption against finding a waiver of arbitration," *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 542

---

[6] The effect of the CROA claim on the class size is not an issue before us. After One Tech appealed, the district court struck Forby's class allegations to the extent they raised claims on behalf of absent class members. As One Tech acknowledges, the "expanded class definition is no longer relevant in light of the district court's order striking Forby's class claims."

[7] So, we do not address the district court's rejection of One Tech's argument that the amended complaint "revived" its right to compel arbitration of the entire dispute under the Eleventh Circuit's *Krinsk* decision. We therefore need not consider whether adding the CROA claim "unexpectedly change[d] the scope or theory of [Forby's original] claims." *Krinsk*, 654 F.3d at 1202.

[8] We disagree with Forby that One Tech failed to raise this argument in the district court. For instance, in its motion to compel arbitration, One Tech argued that, "in the alternative," it "would, at the very least, be entitled to compel individual arbitration of the CROA claim that Forby included for the first time in her Second Amended Complaint."

(5th Cir. 2016) (cleaned up), the party asserting waiver carries a "heavy burden of proof." *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991); *see also Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 897 (5th Cir. 2005) (noting presumption against waiver is "a well-settled rule in this circuit"). A party waives arbitration by "substantially invok[ing] the judicial process to the detriment or prejudice of the other party." *Subway*, 169 F.3d at 326 (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)). We evaluate waiver under a two-step test, asking first whether a party substantially invoked the judicial process and, second, whether it caused the other party prejudice. *See Forby I*, 909 F.3d at 784–86.

Here, we can stop at step one. For waiver purposes, "a party only invokes the judicial process to the extent it litigates *a specific claim* it subsequently seeks to arbitrate." *Subway*, 169 F.3d at 328 (emphasis added); *see also Cooper*, 832 F.3d at 542 (waiver occurred when party "sued . . . on *the very claims* it wished to arbitrate" (emphasis added) (citing *Miller Brewing Co.*, 781 F.2d at 497)).[9] But One Tech has never tried to litigate Forby's CROA claims. To the contrary, once Forby amended her complaint to add those federal claims, One Tech moved to compel their arbitration. One Tech, then, has not taken any "overt act in court that evinces a desire to resolve

---

[9] *Accord In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1205–09 (10th Cir. 2016) ("As for waiver by conduct, a party cannot be said to manipulate the judicial process by seeking to arbitrate a claim unless the party has litigated the *same claim*." (emphasis added)); *Doctor's Assoc., Inc. v. Distajo*, 107 F.3d 126, 133 (2d Cir. 1997) (observing a defendant's "explicit waiver of its right to arbitrate *certain claims* would not necessarily waive arbitration of *other claims raised in an amended complaint* filed after [the defendant] agreed to th[e] waiver" (emphases added) (discussing *Gilmore v. Shearson/Am. Express, Inc.*, 811 F.2d 108 (2d Cir. 1987))).

No. 20-10088

[this] arbitrable dispute through litigation rather than arbitration,"[10] nor has it attempted to "seek[] a decision on the merits [of the CROA claims] before attempting to arbitrate [them]." *Forby I*, 909 F.3d at 784 (quoting *Mirant*, 613 F.3d at 589) (other citations omitted). Therefore, One Tech has not waived its right to arbitrate Forby's CROA claims and the district court erred by concluding otherwise.

To be sure, One Tech previously sought to dismiss Forby's ICFA and unjust enrichment claims. This action, we held, "demonstrated a desire to resolve the dispute in litigation rather than arbitration." *Ibid*. But that invocation of judicial process pertained only to the claims One Tech sought to dismiss. Obviously, those claims did not (and, indeed, could not) include the CROA claims. Forby raised the CROA claims only *after* we remanded and *after* the district court permitted her to amend her complaint. Our repeated statements that waiver of arbitral rights is claim-specific, *Cooper*, 832 F.3d at 542; *Subway*, 169 F.3d at 328,[11] preclude our holding that waiver as to the ICFA and unjust enrichment claims extends to the distinct CROA

---

[10] It is undisputed that the CROA claims fall within the scope of the arbitration clause, which covers "all claims, disputes or controversies."

[11] Forby tries to distinguish *Subway* and *Cooper*, arguing they are limited to cases where a party previously litigated only non-arbitrable claims. We disagree. Those decisions plainly recognize that prior litigation waives arbitration as to the specific claims litigated, without asking whether those claims were arbitrable. *See Subway*, 169 F.3d at 328 ("As we make clear today, in order to invoke the judicial process, a party must have litigated the claim that the party now proposes to arbitrate."); *Cooper*, 832 F.3d at 542 ("Because the TRO suit did not involve the same claims pursued in arbitration, the WestEnd Parties neither sought a decision on the merits before attempting to arbitrate, nor attempted to litigate a specific claim [they] subsequently sought to arbitrate." (cleaned up) (quoting *Republic Ins. Co.*, 383 F.3d at 344)).

claims.[12] This is especially so given the CROA claims were not even part of the lawsuit at the time of the waiver.

We find instructive the Eleventh Circuit's decision in *Collado v. J & G Transportation*, 820 F.3d 1256 (11th Cir. 2016). The plaintiff initially brought an FLSA claim but, before trial, filed an amended complaint raising related state law claims. *Id.* at 1258. The defendant conceded it had waived its right to arbitrate the FLSA claim but argued it could still compel arbitration of the state claims. *Id.* at 1259. Our sister circuit agreed. It held the defendant "did not waive the right to arbitrate the state law claims raised in the second amended complaint because those claims were not in the case when it waived by litigation the right to arbitrate the FLSA claim." *Id.* at 1260–61. The court also rejected the argument that the defendant "must . . . have known" the state claims were "lurking in the case": to the contrary, "a defendant will not be held to have waived the right to insist that previously unasserted claims be arbitrated once they are asserted." *Id.* at 1261. Otherwise, defendants would be "in an awkward if not absurd

---

[12] One of our unpublished decisions suggests a "claim" in this context means "any allegation stemming from the 'same nucleus of operative facts,' whatever the theory of recovery." *Sabatelli v. Baylor Scott & White Health*, 832 F. App'x 843, 849 (5th Cir. 2020) (per curiam). But our published decisions in *Subway* and *Cooper* do not contain this refinement. Nor do the relevant background principles support it. The "same nucleus of operative facts" language in *Sabatelli* comes from the transactional test used in claim preclusion. *See, e.g.*, *OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487, 504 (5th Cir. 2020). But that doctrine teaches that "a final judgment precludes the parties . . . from relitigating issues that were *or could have been* raised in that [previous] action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added). By contrast, the "strong presumption against waiver of arbitration" means that "a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." *Subway*, 169 F.3d at 326, 328. Thus, *Sabatelli*'s suggestion that the transactional test applies in the context of arbitration waivers fits awkwardly with our precedent. We therefore decline to adopt *Sabatelli*'s framework for evaluating whether a party has invoked the judicial process as to a "specific claim."

No. 20-10088

position." *Ibid.* Even if willing to litigate pled claims, defendants would have to specify they were not waiving arbitration as to "all of the possible claims that could have been but weren't pleaded against [them]." *Ibid.*

The present case presents the flip side of *Collado*. There, waiver as to originally-asserted federal claims did not extend to later-pled state claims. Here, waiver as to originally-asserted state claims does not extend to later-pled federal claims. Either way, the result is the same: "[One Tech] did not waive the right to arbitrate the [CROA] claims raised in the second amended complaint because those claims were not in the case when it waived by litigation the right to arbitrate the [ICFA] claim." *Ibid.*[13]

## IV.

We hold that One Tech did not waive its right to arbitrate Forby's CROA claims. We therefore reverse the district court's order denying One Tech's motion to compel arbitration and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

[13] Given our conclusion, we need not proceed to step two and ask whether Forby was prejudiced by One Tech's prior litigation conduct. *See Republic Ins.*, 383 F.3d at 346.