# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2022

Lyle W. Cayce
Clerk

No. 21-60799

Michelle Barnett,

*Plaintiff—Appellee*,

*versus*

American Express National Bank,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-623

Before Higginbotham, Haynes, and Wilson, *Circuit Judges*.
Per Curiam:

American Express National Bank ("AmEx") filed suit for breach of contract in Mississippi state court to recover $2,855.74 of unpaid credit card debt incurred on Michelle Barnett's account. Barnett contends an unknown person incurred this debt fraudulently. Barnett then filed Fair Credit Reporting Act ("FCRA") claims against AmEx and other defendants in Mississippi state court. After removal to the Southern District of Mississippi, AmEx moved to compel arbitration of the FCRA claims, which the district court denied. Applying this Court's test for waiver of the right to compel

No. 21-60799

arbitration,[1] the district court held that AmEx substantially invoked the judicial process by filing the breach of contract lawsuit where "the validity of the disputed indebtedness [is a] married feature[] to" AmEx's breach of contract claim and Barnett's FCRA claims. The district court also found resulting prejudice to Barnett, leading it to deny AmEx's motion to compel arbitration.

On the same day and after the district court's ruling, two cases of relevance to this dispute were decided. In *Forby v. One Techs., L.P.*, this Court clarified the test for waiver by a party of the right to compel arbitration and reiterated that waiver analysis occurs on a claim-by-claim basis.[2] In addition to *Forby*, the Supreme Court decided *Morgan v. Sundance, Inc.* while the appeal in this case was pending.[3] *Morgan* addressed this and eight of our sister circuits' tests for waiver by a party of the right to compel arbitration.[4] While we can apply subsequent precedent to cases before us, "[a]s a court for review of errors, we are not to decide facts or make legal conclusions in the first instance. Our task is to review the actions of a trial court for claimed errors."[5] As the able district court did not have the benefit of these two decisions, we VACATE the decision of the district court and REMAND for reconsideration in the first instance in light of *Morgan* and *Forby*.

---

[1] *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986).

[2] *Forby v. One Techs., L.P.*, 13 F.4th 460, 462 (5th Cir. 2021).

[3] *Morgan v. Sundance, Inc.*, 596 U.S. ----, 142 S. Ct. 1708 (May 23, 2022).

[4] *Id.*, 142 S. Ct. at 1712, n.1.

[5] *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991).