Cite as 2023 Ark. App. 172

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-21-426

| | |
|---|---|
| THE WATERS OF WHITE HALL, LLC, ET AL. | Opinion Delivered March 29, 2023 |
| APPELLANTS | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-20-609] |
| V. | |
| WILLIAM WIEGAND, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ARTHUR H. WIEGAND, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF ARTHUR H. WIEGAND | HONORABLE ROBERT H. WYATT, JR., JUDGE |
| APPELLEE | |
| | AFFIRMED |

**N. MARK KLAPPENBACH, Judge**

The Waters of White Hall, LLC, a long-term-care facility, appeals the denial of its motion to compel arbitration against the estate of one of its residents. The circuit court found the arbitration agreement unenforceable due to lack of mutuality. We affirm.

In March 2019, Arthur H. Wiegand was admitted to the facility. William Wiegand, Arthur's adult son and the person who held Arthur's power of attorney, executed the paperwork required to admit Arthur and executed the accompanying arbitration agreement. Arthur died in April 2019. William was then appointed personal representative of his father's estate, and in that capacity, William filed a lawsuit in September 2020 against the facility claiming negligence,

medical negligence, and violation of long-term-care residents' rights.[1]  In March 2021, the facility moved to compel arbitration.

The facility asserted that *Jorja Trading, Inc. v. Willis*, 2020 Ark. 133, 598 S.W.3d 1, which involved an installment-sales contract for the purchase of a car, was controlling and required that arbitration be ordered.  In *Jorja*, the supreme court reversed a circuit court's order declining to enforce an arbitration agreement due to lack of mutuality, holding that mutuality does not require the exchange of identical rights, obligations, and benefits.  The opinion reflected that not enforcing arbitration in that case would violate the Federal Arbitration Act.  The facility recognized that the court of appeals had distinguished *Jorja* in other arbitration-clause appeals but argued that those cases did not comport with arbitration law because those cases applied a more stringent review than that applied to typical contracts.  The facility asserted that the supreme court had erred in *Robinson Nursing and Rehabilitation Center, LLC v. Phillips*, 2019 Ark. 305, 586 S.W.3d 624, by using the same unfairly stringent mutuality requirement in arbitration cases. The facility concluded that the mutuality element of contract formation was satisfied because both parties agreed to be bound; the facility would provide long-term-care services, and the resident would pay for those services, so both undertook various duties and obligations under the contract.

---

[1]Appellee is William Wiegand, as personal representative of the estate of Arthur H. Wiegand, deceased, and on behalf of the wrongful death beneficiaries of Arthur H. Wiegand.

Appellants are The Waters of White Hall, LLC; The Waters of Arkansas Master Tenant, LLC; Donna Morton, individually and in her capacity as administrator of The Waters of White Hall, LLC; and John Doe Defendants 1 through 10.  We refer to appellants collectively as "the facility."

William opposed the motion to compel, arguing that there lacked mutuality of obligation. William argued that the arbitration agreement provided that all claims arising out of the course of care and services provided to the person in the facility would be subject to arbitration, except that either party was given the option of waiving arbitration and using the court system "where the amount in controversy does not exceed, or is not expected to exceed, $25,000."

William cited *E-Z Cash Advance, Inc. v. Harris*, 347 Ark. 132, 139, 60 S.W.3d 436, 441 (2001), for the proposition that "[t]here is no mutuality of obligation where one party uses an arbitration agreement to shield itself from litigation, while reserving to itself the ability to pursue relief through the court system." William argued that the arbitration provision essentially carved out a way to take a resident into court for the more probable low-value claims against the resident but shielded the facility from going to court on the more likely high-value financial exposure it would have in a negligence case. William argued that the supreme court had found mutuality of obligation lacking in the same scenario with a $30,000 threshold, citing *Robinson*, 2019 Ark. 305, 586 S.W.3d 624. William asserted that this arbitration clause imposed no real liability on the facility to arbitrate its own claims, but at the same time, relegated his father (who was a Medicaid recipient) solely to arbitration. William cited *Regional Care of Jacksonville v. Henry*, 2014 Ark. 361, 444 S.W.3d 356, to support his response to the motion to compel arbitration.

The circuit court agreed with William that the $25,000 limit created a lack of mutuality on both parties, so it denied the motion to compel arbitration. This interlocutory appeal followed.

The standard of review is well settled:

3

We review a circuit court's denial of a motion to compel arbitration de novo on the record. While we are not bound by the circuit court's decision, in the absence of a showing that the circuit court erred in its interpretation of the law, we will accept its decision as correct on appeal.

Arbitration agreements are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16; however, we look to state contract law to decide whether an agreement to arbitrate is valid. In deciding whether to grant a motion to compel arbitration, two threshold questions must be answered: (1) whether a valid agreement to arbitrate between the parties exists and, (2) if such an agreement exists, whether the dispute falls within its scope. The same rules of construction and interpretation apply to arbitration agreements as apply to agreements in general. We have held that, as with other types of contracts, the essential elements for an enforceable arbitration agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. Northport, as the proponent of the arbitration agreement, has the burden of proving these essential elements.

Mutuality of contract means that "an obligation must rest on each party to do or permit to be done something in consideration of the act or promise of the other; that is, neither party is bound unless both are bound." There is no mutuality of obligation when one party uses an arbitration agreement to shield itself from litigation, while reserving to itself the ability to pursue relief through the court system. Thus, under Arkansas law, mutuality requires that the terms of the agreement impose real liability upon both parties.

*Northport Health Servs. of Ark., LLC v. Chancey*, 2022 Ark. App. 103, at 4–5, 642 S.W.3d 253, 256–57 (internal citations omitted).

The parties do not dispute that the FAA governs arbitration agreements and that national policy favors arbitration. *See Courtyard Rehab. & Health Ctr., LLC v. Est. of Tice*, 2022 Ark. App. 327. Likewise, in Arkansas, arbitration is strongly favored as a matter of public policy and is looked upon with approval as a less expensive and more expeditious means of settling litigation and relieving docket congestion. *Id.* Nonetheless, we look to state contract law to decide whether the arbitration agreement is valid, applying the same rules of construction and interpretation that apply to agreements in general. *Id.* The federal policy in favor of arbitration

4

is to make "arbitration agreements as enforceable as other contracts, but not more so." *Morgan v. Sundance, Inc.*, 596 U.S. \_\_\_, \_\_\_, 142 S. Ct. 1708, 1713 (2022).

The facility argues that the circuit court erroneously followed "the arbitration-specific rule on mutuality of obligation that the Supreme Court expressly rejected in *Jorja Trading, Inc. v. Willis*, 2020 Ark. 133, 598 S.W.3d 1." The facility asserts that the holding in *Jorja* is broad, clarifies the legal concept of mutuality of obligation, and "implicitly overrules *Robinson* [*Nursing & Rehab. Ctr.*, 2019 Ark. 305, 586 S.W.3d 624] and similar Arkansas Court of Appeals cases."

We obviously cannot ignore the fact that the supreme court in *Jorja* did not overrule its decision in *Robinson*. The facility essentially asks this court to overrule the supreme court's decision in *Robinson* and other appellate cases on this topic. However, we must follow the precedent set by the supreme court and are powerless to overrule its decisions. *See Northport*, *supra*. The facility is raising the same arguments about "mutuality of obligation" in the context of nursing-care-facility arbitration agreements that we have already addressed in *Northport*. We decline the invitation to revisit the *Northport* decision and others like it. *E.g.*, *Country Club Gardens, LLC v. Alexander*, 2020 Ark. App. 239, 599 S.W.3d 363; *Hickory Heights Health & Rehab, LLC v. Adams*, 2018 Ark. App. 560, 566 S.W.3d 134.

Affirmed.

WOOD and HIXSON, JJ., agree.

*Kutak Rock LLP*, by: *Samantha Blassingame*, for appellants.

*Appellate Solutions, PLLC*, by: *Deborah Truby Riordan*; and *Rainwater, Holt & Sexton, P.A.*, by: *Jeff R. Priebe*, for appellee.