[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13397

Non-Argument Calendar

_____

PINNACLE CONSTRUCTORS GROUP LLC,

Plaintiff-Counter Plantiff-Appellant,

*versus*

SSC TUSCALOOSA APARTMENTS LLC,
d.b.a. Lark Tuscaloosa,
THE SCION GROUP LLC,
INTERSTATE ROOF SYSTEMS CONSULTANTS INC,
FANNIE MAE,
AMERICAN BUILDERS AND CONTRACTORS SUPPLY CO INC,
WALKER & DUNLOP LLC,

Defendants-Appellees,

SSC Tuscaloosa Apartments LLC,

Defendant-Counter Claimant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:23-cv-00865-LSC

_____

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Pinnacle Constructors Group, LLC and Ronald Matthews appeal the district court's denial of their motions to dismiss or stay and compel arbitration. After careful consideration of the parties' arguments, we reverse in part and vacate and remand in part.

This case is a breach of contract dispute. Pinnacle entered into an agreement with Appellee SSC Tuscaloosa Apartments to complete work on a construction project at the Lark Tuscaloosa Apartments. The agreement included an arbitration clause that said, in relevant part, "[a]ll claims, disputes and other matters . . . relating to the Contract Documents or the breach thereof . . . will be decided by arbitration in accordance with the Construction

Industry Arbitration Rules of the American Arbitration Association
. . . ."

A dispute arose regarding the construction project and payment for work performed. Pinnacle and SSC first mediated the dispute and, when that was not successful, SSC initiated arbitration against Pinnacle by filing a Demand for Arbitration with the AAA on June 21, 2023. The next day, Pinnacle sent a Notice of Intent to File Lien and filed a verified claim of lien against the property that was the subject of its dispute with SSC. On June 30, 2023, Pinnacle filed a civil action in state court in Alabama against SSC and the others. The complaint alleged twelve causes of action, including enforcement of the lien. The complaint also included a footnote that recognized the arbitration clause in the agreement, noted that SSC had filed a demand for arbitration, and said that by filing the complaint, Pinnacle was "merely complying with Alabama law requiring that indispensable parties are named in an action to enforce a lien." Pinnacle also said in the footnote that it intended to respond to the arbitration demand, which it did on July 10.

Appellee Scion Group LLC removed the case to federal district court and on July 26, Scion and SSC filed an answer and counterclaim, which included a claim against Pinnacle's manager, Ronald Matthews. Two other defendants filed motions to dismiss in late July, which Pinnacle responded to in late August. On August 10, the parties submitted a report of their planning meeting which outlined discovery timelines. Pinnacle and Matthews filed motions to dismiss or stay and compel arbitration on August 29 and

September 11, respectively.  The district court denied both motions.  It found that Pinnacle had waived its right to compel arbitration because it had "substantially participated [in] litigation."  It also found that Matthews was not entitled to compel arbitration, in part, because "there will not be an arbitration between SSC and Pinnacle."  Pinnacle and Matthews timely appealed the district court's order.

We review de novo a district court's denial of a motion to compel arbitration on the ground that the movant waived its right to arbitrate. *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1316 (11th Cir. 2002).  Like any other right or obligation under a contract, an agreement to arbitrate may be waived. *Id.* at 1315.  "A party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right . . . ." *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (quotation marks omitted and alterations adopted), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022).  "In considering the issue of waiver, we are mindful of the Supreme Court's admonition that 'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'" *Morewitz v. West of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1365–66 (11th Cir. 1995) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

There's no set rule as to what constitutes waiver of an arbitration agreement, so we review whether a waiver has occurred

based on the facts of each case. *Burton–Dixie Corp. v. Timothy McCarthy Constr. Co.*, 436 F.2d 405, 408 (5th Cir. 1971). "A key factor in deciding this is whether a party has substantially invoked the litigation machinery prior to demanding arbitration." *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018) (quotation marks omitted and alterations adopted). "[T]he purpose of the waiver doctrine is to prevent litigants from abusing the judicial process." *Id.* "Acting in a manner inconsistent with one's arbitration rights and then changing course mid-journey smacks of outcome-oriented gamesmanship played on the court and the opposing party's dime." *Id.* "[T]he key ingredient in the waiver analysis is fair notice to the opposing party and the [d]istrict [c]ourt of a party's arbitration rights and its intent to exercise them." *Id.*

The district court noted that it was "bound by the Eleventh Circuit on this issue," particularly our holding in *S&H Contractors*. In that case, we found that a party had waived its right to arbitration when it waited eight months after filing its complaint to demand arbitration. *S&H Contractors*, 906 F.2d at 1514. During that time, the party "engaged in fairly extensive pretrial discovery"— including taking five depositions. *Id.* at 1509, 1514.

We, respectfully, disagree and believe that *S&H Contractors* is distinguishable from the present case. Here, Pinnacle moved to compel arbitration a little over two months after it filed suit. During this time, it briefed motions filed by parties with whom it did not have an arbitration agreement. The only litigation action it took regarding SSC, other than filing its complaint, was

participating in a Rule 26(f) meeting—again, including other parties with whom Pinnacle did not have an arbitration agreement. We do not believe that this one Rules-mandated meeting and the short time between the filing of the complaint and the motion to compel supports a conclusion that Pinnacle had "substantially invoked the litigation machinery prior to demanding arbitration." *Gutierrez*, 889 F.3d at 1236.

Additionally, viewing the facts "under the totality of the circumstances," as we must, we conclude that Pinnacle did not evince a clear intent to litigate this matter prior to asserting its right to arbitrate and thus did not act "inconsistently with its arbitration right." *S&H Contractors*, 906 F.2d at 1514. In its complaint, Pinnacle referenced the arbitration agreement and SSC's demand for arbitration. It gave "fair notice" to both the court and the parties that it was filing the suit to comply with Alabama law to perfect a lien but that it intended to participate in the pending arbitration. *Gutierrez*, 889 F.3d at 1236. Indeed, it did participate in the arbitration by filing an answer and counter-demand and paying its fees to AAA.

For these reasons, we hold that Pinnacle did not substantially invoke the litigation machinery prior to demanding arbitration nor did it act inconsistently with its arbitration right.

Regarding the district court's order on Matthew's motion to compel, because part of its analysis depended on the conclusion that Pinnacle had waived its right to compel arbitration, we vacate

23-13397          Opinion of the Court          7

that portion of the order and remand for the court to perform the analysis in accordance with this opinion.

**REVERSED   IN   PART   AND   VACATED   AND REMANDED IN PART.**