Filed 7/25/24  Vail v. California Coach Towing CA2/4
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| AARON VAIL et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>CALIFORNIA COACH TOWING, INC.,<br><br>Defendant and Appellant. | B325158<br><br>(Los Angeles County<br> Super. Ct. No. BC711973) |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher K. Lui, Judge.  Affirmed.

Law Offices of Neil C. Evans and Neil C. Evans for Defendant and Appellant.

Lesowitz Gebelin and Steven T. Gebelin; Employees First Labor Law, Jonathan P. LaCour and Lisa Noveck for Plaintiffs and Respondents.

## INTRODUCTION

Appellant California Coach Towing, Inc. (California Coach) appeals from an order denying its motion to compel arbitration. California Coach argues the trial court failed to apply the correct legal standard in determining that its right to arbitration had been waived. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Respondents Aaron Vail, Elmer Rivera, and Raul Rosales, Jr., initiated this case against California Coach, their employer, in July 2018. The operative complaint itself is not part of the record here, but other documents indicate that it contains 10 causes of action—six for violations of the Labor Code, three general tort claims, and one for violation of the Private Attorneys General Act (PAGA).

Each of the respondents had signed an arbitration agreement with California Coach. The agreements provide that "any claim, dispute, and/or controversy . . . which would otherwise require or allow resort to any court . . . between [respondents] and [California Coach] . . . arising from, related to, or having any relationship or connection whatsoever with [respondents'] seeking employment with, employment by, or other association with [California Coach] . . . shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the California Arbitration Act."

California Coach provided copies of these agreements to respondents' counsel in May 2018, before the case was filed. California Coach also included the agreements as a defense when it filed its answer in August 2018. However, it took no other steps to enforce its rights under the agreements.

2

The case was set for trial on July 18, 2022. That morning, California Coach filed a motion to compel arbitration. The motion said the recent decision by the United States Supreme Court in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*) permitted the parties to arbitrate the PAGA cause of action.

Respondents opposed the motion, arguing that California Coach had waived its right to arbitration by proceeding in court. The trial court agreed and denied the motion, finding that California Coach's conduct was "inconsistent with the right to arbitrate," that California Coach "took advantage of judicial discovery procedures likely not available in arbitration," and that the delay prejudiced respondents.

California Coach timely appeals.

**DISCUSSION**

"[N]o single test delineates the nature of the conduct that will constitute a waiver of arbitration." (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195 (*St. Agnes*).) Courts may consider a series of factors in determining whether waiver exists: "'"(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected,

3

misled, or prejudiced' the opposing party.""" (*Id.* at p. 1196, quoting *Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 992.)

"Generally, the determination of waiver is a question of fact, and the trial court's finding, if supported by sufficient evidence, is binding on the appellate court." (*St. Agnes, supra,* 31 Cal.4th at p. 1196.) However, the question of whether the trial court applied the correct legal standard is an issue of law subject to de novo review. (See *Sundholm v. Hollywood Foreign Press Assn.* (2024) 99 Cal.App.5th 1330, 1341.)

California Coach argues that the trial court should have applied federal principles of waiver, which do not include prejudice to the opposing party as a factor. (See *Morgan v. Sundance, Inc.* (2022) 596 U.S. 411, 413–414.) California Coach also contends that the trial court's prejudice finding was the sole support for its waiver finding. We conclude the trial court made no error and its decision was supported by substantial evidence.

## I.   *Applicable Law*

Respondents point out that California Coach did not ask the trial court to apply federal law rather than state law. Its failure to do so forfeits the issue. (*Mendoza v. Trans Valley Transport* (2022) 75 Cal.App.5th 748, 769–770.) Additionally, the arbitration agreements themselves require "conformity with the procedures of the California Arbitration Act." This constitutes an election to follow state law. (See *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 386, 393–394; see also *McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945, 964 [even under the FAA, state law remains applicable to determine which contracts are binding].) The trial court appropriately applied the state law of waiver.

4

II.  *Waiver*

California Coach argues that prejudice was the only factor supporting waiver because respondents' PAGA claim was not legally subject to arbitration until *Viking River*, which was decided only a month before California Coach made its motion.  Under these circumstances, that argument is not persuasive.

The PAGA claim was only one of ten claims brought by respondents.  Even if the PAGA claim was not arbitrable when the complaint was filed, the other nine claims were.  The case had been pending since July 2018; the operative complaint since March 2019.  California Coach was aware of the arbitration agreements before the case began, but did not seek to enforce them until the day of trial.  The trial court was entitled to view California Coach's course of conduct as a deliberate decision to proceed with all the claims in the trial court.  The court's order discussed all the applicable waiver factors, not just prejudice, and found that all of them weighed against California Coach.  The court's factual findings are supported by substantial evidence.

//
//
//
//
//
//
//
//

5

## DISPOSITION

The order of the trial court is affirmed.  Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


COLLINS, Acting P. J.


MORI, J.

6