Filed 4/15/25  Odenwald v. Frederickson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ANTHONY ODENWALD,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ROGER B. FREDERICKSON et al.,<br><br>  Defendants and Appellants. | 2d Civ. No. B335026<br>(Super. Ct. No. 23CVP-0228)<br>(San Luis Obispo County) |

  The trial court denied defendant's petition to compel arbitration on the ground that a party to the arbitration is also a party to a pending court action arising out of the same transaction and there is a possibility of conflicting rulings.  (Code Civ. Proc.,[1] § 1281.2, subd. (c).)  We affirm.

---

  [1] All statutory references are to the Code of Civil Procedure unless stated otherwise.

FACTS

Anthony Odenwald claims he was injured when he tripped and fell over a defect in the public sidewalk in front of the First Presbyterian Church of Templeton (Church). Odenwald retained Roger Frederickson and Frederickson Hamilton, LLP (collectively Frederickson) to represent him in an action to recover damages for his injuries. The retainer agreement contained a provision requiring arbitration of any dispute between Frederickson and Odenwald.

Frederickson filed an action against the Church.[2] The Church's answer to the complaint alleged defenses of comparative negligence, acts of others, and several liability for non-economic damages. (Civ. Code, § 1431.2.)

Frederickson also submitted a government tort claim to the County of San Luis Obispo (County). The County denied the claim, but Frederickson never filed an action against the County. The statute of limitations for an action against the County expired.

Odenwald obtained a new attorney to continue the action against the Church and to file a malpractice action against Frederickson for failure to sue the County.

*Motion to Compel Arbitration*

Frederickson responded to the malpractice action with a motion to compel arbitration. The motion was based on the arbitration provision in the retainer agreement between Frederickson and Odenwald.

Odenwald opposed the motion on the ground that both the Church and malpractice actions are pending and have common

_____

[2] Odenwald's motion for judicial notice filed on October 1, 2024, is granted.

2

issues of law and fact that raise the possibility of conflicting rulings.

The trial court agreed with Odenwald. The court cited possible conflicting rulings on comparative liability, the allocation of non-economic damages, and whether the defect in the sidewalk was trivial. The court denied the motion to compel arbitration.

DISCUSSION

*Possibility of Conflicting Rulings*

Section 1281.2 provides in part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] . . . [¶] (c) A party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact."

Section 1281.2, subdivision (c) grants the trial court discretion to deny a petition to compel arbitration where: 1) a party to the arbitration agreement is also a party to a pending court action with a third party; 2) the pending third party action arises out of the same transactions as the claims subject to arbitration; and 3) there is a possibility of conflicting rulings on a common issue of law or fact. (*Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 964.)

The first condition of section 1281.2, subdivision (c) is satisfied. Odenwald is a party to the arbitration agreement and

3

also to a court action against the Church. Frederickson argues that there is no pending litigation in which Frederickson and the Church are both parties. The argument misses the point. It is because Frederickson and the Church are not both parties to the same litigation that there is the possibility of conflicting rulings on common issues of law and fact.

The second condition is also satisfied. The transaction involves the same set of operative facts. (*Avila v. Southern California Specialty Care, Inc.* (2018) 20 Cal.App.5th 835, 845.) The action against the church arises out of the same slip and fall claim as the malpractice action.

Finally, the third condition is satisfied. Almost all of the issues in the action against the Church are also issues in the malpractice action against Frederickson. The situation is saturated with the possibility of conflicting rulings.

Frederickson argues there is a possibility that Odenwald may recover all of the compensation to which he is entitled in his action against the Church. But there is also the possibility he may not. Section 1281.2, subdivision (c) is concerned with the "possibility of conflicting rulings," not with the possibility that the plaintiff may recover fully from one of the parties.

*Exercise of Discretion*

Having found that section 1281.2, subdivision (c) applies, the trial court has a variety of options: "The court may (1) refuse to enforce the arbitration agreement and may order intervention or joinder of all parties in a single action or special proceeding; (2) order intervention or joinder as to all or only certain issues; (3) order arbitration among the parties who have agreed to arbitration and stay the pending court action or special proceeding pending the outcome of the arbitration proceeding; or

4

(4) stay arbitration pending the outcome of the court action or special proceeding." (*DMS Services, LLC v. Superior Court* (2012) 205 Cal.App.4th 1346, 1358.)

Frederickson argues that instead of denying it the right to arbitrate, the trial court should have stayed the arbitration on the malpractice claim pending the litigation against the Church.

But Frederickson does not dispute that it failed to request that the trial court choose that option. Failure to raise the issue in the trial court waives the issue on appeal. (*In re. M.H.* (2016) 1 Cal.App.5th 699, 713-714.)

In any event, Frederickson does not dispute that rulings of law or fact in the action against the Church would not be binding in the arbitration. Thus staying the arbitration would not resolve the problem of inconsistent rulings.

Clearly the best way to avoid inconsistent rulings is to consolidate the cases. Frederickson points out that Odenwald has not moved for consolidation. But Frederickson admits the case against the Church is still pending. Either Odenwald or Frederickson may yet move for consolidation, or the trial court may do so on its own motion.

Finally, Frederickson places much emphasis on the statement found in many cases that there is a strong public policy favoring arbitration. Assuming that is so,[3] the Legislature in enacting section 1281.2, subdivision (c), has balanced public

---

[3] But see *Morgan v. Sundance, Inc.* (2022) 596 U.S. 411, 418. Frequent use of the phrase, "policy favoring arbitration," is merely an acknowledgement of the Federal Arbitration Act's (FAA) commitment to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate. The policy is to make arbitrator agreements as enforceable as other contracts, but not more so. Most California cases follow FAA cases.

policy favoring arbitration against a public policy in favor of denying arbitration where there is a possibility of conflicting rulings.  Section 1281.2, subdivision (c) expressly provides for only one remedy: denial of the petition to compel arbitration.  We cannot fault the trial court for applying the statutory remedy.

DISPOSITION

The judgment (order) is affirmed.  Costs are awarded to respondent.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

BALTODANO, J.

CODY, J.

Michael C. Kelley, Judge

Superior Court County of San Luis Obispo

_____

Kaufman Dolowich, Barry Z. Brodsky, Rosely George and Steve R. Belilove for Defendants and Appellants.

Barnick Hodges and Whitney Northington Barnick; Roberts & Spiegel and Steven P. Roberts for Plaintiff and Respondent.