Filed 12/15/25  Medhurst v. Madonna Inn CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ERICA MEDHURST, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MADONNA INN, INC., <br><br> Defendant and Appellant. | 2d Civ. No. B339696 <br> (Super. Ct. No. 23CV-0165) <br> (San Luis Obispo County) |

Appellant Madonna Inn, Inc. appeals the trial court's order denying its motion to compel arbitration of the wage and hour claims of respondent Erica Medhurst.  (Code Civ. Proc., § 1281.4.) Appellant contends the trial court erred when it found appellant waived the right to compel arbitration.  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Respondent worked as a server in a restaurant operated by appellant in San Luis Obispo.  She filed a putative class action complaint against appellant in March of 2023 alleging wage and

hour violations. She filed a separate representative complaint under the Private Attorney General Act (PAGA) based on the same allegations about two months later. Appellant answered both complaints in June of 2023. The court entered a stipulated order consolidating the class action and PAGA cases in August of 2023.

The parties propounded and responded to written discovery requests between November 2023 and April 2024. They sent *Belaire-West* notices to potential class members in January 2024 and a second round to additional individuals in February.[1]

Appellant stated in the parties' April 2024 joint case management statement that it had "recently become aware of the existence of an arbitration agreement." It moved to compel arbitration. The motion included a supporting affidavit from its human resources manager describing how it presents every employee with an arbitration agreement at the time of hiring. A signed copy of the arbitration agreement was attached to the affidavit as an exhibit. Appellant explained that it participated in litigation and discovery "in a good faith attempt to steer this matter toward resolution with the hope of ultimately reaching an informal settlement." It requested the court dismiss the class

---

[1] "'*Belaire-West* notice' refers to an opt-out notice sent to potential class members in representative actions. The notice is designed to protect the privacy rights of third parties and allow the recipient to object in writing to prevent his or her information from being disclosed to the party seeking discovery." (*Nunez v. Nevell Group, Inc.* (2019) 35 Cal.App.5th 838, 844, fn. 1, citing *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561.)

claims and stay the representative PAGA litigation pending arbitration.

Respondent opposed the motion. She argued that appellant waived the right to compel arbitration by failing to raise the issue as an affirmative defense, by participating in class action-specific discovery and case management conferences, and by filing its motion more than a year after the case was filed. In reply, appellant asserted it only discovered respondent's signed arbitration agreement when it "was researching [respondent]'s employment file in responding to the extensive discovery that [respondent] served." It argued that participating in discovery and case management conferences were "not indicators of waiver or an invalidation of the [a]greement" because there had been "no judicial litigation of the merits of arbitrable issues," and thus no prejudice to respondent.

The trial court denied the motion. It concluded as follows in its written ruling: "Whether [appellant] truly was unaware that its employees signed arbitration agreements or tactically delayed moving to compel arbitration, [respondent] has been prejudiced by [appellant]'s conduct. The parties have expended considerable effort and expense in class discovery and sending class notices, which are procedures not available under the arbitration provision. The putative class members have been notified that this is a class action case. [Respondent] has, therefore, been denied the advantages and efficiencies of arbitration." Having found waiver, the trial court did not decide respondent's alternative argument that the arbitration agreement was unconscionable.

## DISCUSSION

### *Standard of Review*

Appellant contends it did not waive its right to arbitration. "Ordinarily, because some facts are disputed and the critical facts permit conflicting inferences as to whether [appellant] waived any right to arbitrate, we would review for substantial evidence." (*Campbell v. Sunshine Behavioral Health, LLC* (2024) 105 Cal.App.5th 419, 428.) The trial court, however, decided appellant's motion shortly before our Supreme Court overruled California's arbitration-specific rule of waiver in *Quach v. California Commerce Club, Inc.* (2024) 16 Cal.5th 562 (*Quach*). "Because *Quach* applies retroactively to this direct appeal [citation], and because we may affirm a trial court's ruling on any correct ground [citation], we will follow the protocol set forth in *Quach* itself by 'reviewing de novo the undisputed record of the trial court proceedings and asking whether' a finding of waiver is warranted under *Quach's* newly articulated test." (*Hofer v. Boladian* (2025) 111 Cal.App.5th 1, 10, quoting *Quach*, at p. 585, fn. omitted.) "The undisputed record may be comprised of disputed and undisputed facts; we may weigh that evidence and make our own findings regarding waiver under *Quach's* test." (*Id.* at p. 10, fn. 6, italics omitted.)

### *Waiver Post-*Quach

California courts, like their federal counterparts, long required a party resisting arbitration to "show prejudice resulting from the moving party's litigation-related conduct unless the merits of the arbitrable issue had been litigated." (*Quach, supra,* 16 Cal.5th at p. 574, citing *St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1203.) *Quach* eliminated this requirement for cases falling within the California

4

Arbitration Act after *Morgan v. Sundance, Inc.* (2022) 596 U.S. 411 [212 L.Ed.2d 753] revisited waiver under the Federal Arbitration Act. "After *Morgan*," *Quach* explained, "the desire for procedural uniformity weighs in favor of abrogating California's arbitration-specific prejudice requirement and applying the same principles in determining whether a party has lost the right to compel arbitration as would apply under generally applicable contract law." (*Quach*, at p. 582.) This requires the party opposing arbitration to instead "prove by clear and convincing evidence that the waiving party knew of the contractual right and intentionally relinquished it or abandoned it." (*Id.* at p. 584.) "Its intentional relinquishment or abandonment of the right may be proved by evidence of words expressing an intent to relinquish the right or of conduct that is so inconsistent with an intent to enforce the contractual right as to lead a reasonable fact finder to conclude that the party had abandoned it." (*Ibid.*) Applying this standard to the record, we conclude the trial court properly denied the motion to compel.

> *The Record Contains Clear and Convincing Evidence*
> *Appellant Waived Its Right to Enforce the Agreement*

Appellant filed two supporting declarations below. Human resources manager Catherine Keith stated that company protocol was to present arbitration agreements "[a]t the time of onboarding of new employees." She confirmed respondent's personnel file "contain[ed] the Arbitration Agreement which was presented to her on August 13, 2021" and signed on August 16, 2021. Operations manager Mat Tornquist performed respondent's onboarding. He described emailing her the agreement and obtaining her signature three days later. In its

moving papers, appellant stated that 967 of 973 potential class members signed identical agreements.

Keith and Tornquist worked for appellant in their current positions when respondent started work in August of 2021. Neither declarant explained why it took a year for appellant to "become aware" of an agreement signed by respondent as a matter of protocol upon hiring. This implies one or both of two things happened. The first is that appellant *did* know about the agreement before April 2024 but represented otherwise in that month's case management statement. The second is that appellant allowed a wage and hour class action to proceed for over a year before reviewing respondent's personnel file or consulting the employees most knowledgeable about the company's employment practices. Both are concerning.

The record does not include the April 2024 joint case management statement or reporter's transcripts from the case management conference or motion to compel hearing. What it does include, though, gives little hint appellant intended to enforce its right to arbitrate. It did not raise arbitration as an affirmative defense when it answered the class action complaint in June of 2023.[2] The joint case management statements filed in July and November 2023 do not refer to arbitration. The discovery requests propounded by respondent during this period were focused on class certification issues. Appellant produced over 1000 pages in response to these requests and propounded its own requests in November of 2023. The parties then hired a third-party administrator to send two rounds of *Belaire-West* notices to nearly a thousand potential class members in January

---

[2] Curiously, it raised the affirmative defense in its answer to the PAGA complaint, which it filed on the same day.

and February 2024.  Respondent may have foregone this expensive and time-consuming exercise if she knew appellant intended to enforce the agreement, which forbid arbitrating her claim "as a class action, representative action or collective action."

We conclude the record contains clear and convincing evidence of conduct by appellant "that is so inconsistent with an intent to enforce the contractual right as to lead a reasonable fact finder to conclude that the party had abandoned it."  (*Quach*, *supra*, 16 Cal.5th at p. 584.)

DISPOSITION

The trial court's order denying appellant's motion to compel arbitration is affirmed.  Respondent shall recover her costs on appeal.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

7

Tana L. Coates, Judge

Superior Court County of San Luis Obispo

_____

Frost Brown Todd, Theodore E. Bacon and Skyler J. May, for Defendant and Appellant.

Blackstone Law, Jonathan M. Genish, Karen I. Gold, Sara Pezeshkpour, Noam Y. Reiffman, and Marissa A. Mayhood, for Plaintiff and Respondent.