Filed 12/15/25  Livingston v. VH Property Corp. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DANNIE LIVINGSTON,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VH PROPERTY CORP.,<br><br>    Defendant and Appellant. | B346660<br><br>(Los Angeles County<br>Super. CT. No. 24STCV19804) |

APPEAL from an order of the Superior Court of Los Angeles County, William F. Highberger, Judge.  Affirmed.

Payne & Fears, Ray E. Boggess, Tyler B. Runge and Kathryn M. Querner for Defendant and Appellant.

Moon Law Group, H. Scott Leviant, Kane Moon and Jaeyoung Lee for Plaintiff and Respondent.

Defendant and appellant VH Property Corporation appeals the trial court's order denying its motion to compel arbitration of plaintiff and respondent Dannie Livingston's individual claims asserted under the Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.) (PAGA).[1] We hold the plain meaning of the arbitration clause at issue excludes individual PAGA claims from arbitration and results in affirmance of the trial court's order.

## BACKGROUND

Plaintiff was employed as a "Player-Host" at a golf course operated by defendant. Plaintiff signed an arbitration agreement ("Agreement") with defendant on December 16, 2021. The part of the Agreement at issue is included in the section entitled, "Claims Not Covered by this Agreement"; it reads as follows.

> (B) " . . . Claims under the Private Attorneys General Act of 2004 ("PAGA") . . . are also excluded from this Agreement to the extent that the operative law at the time a PAGA claim is made precludes a pre-dispute waiver of the right to bring such claims on a representative basis. If the operative law provides that pre-dispute waivers of the right to bring PAGA claims on a representative basis are enforceable, then

[1] "An individual PAGA claim is the component of a PAGA claim that seeks civil penalties based on Labor Code violations sustained by the plaintiff. [Citations.] A nonindividual [or representative] PAGA claim is the component of a PAGA claim that seeks civil penalties based on Labor Code violations sustained by current and former employees other than the plaintiff. [Citation.]" (*Rodriguez v. Packers Sanitation Services LTD., LLC* (2025) 109 Cal.App.5th 69, 75, see also *Consumer Advocacy Group v. Walmart Inc.* (2025)112 Cal.App.5th 679, 692 [using the term "representative" in lieu of "nonindividual"] .)

the Parties intend and agree that PAGA claims are Covered Claims under this Agreement and may proceed in arbitration on an individual basis only, consistent with Paragraph D of this Agreement. . . ." [¶]

(D) " . . . The Parties mutually waive the right to bring, maintain, participate in, or receive money from any class, collective, or representative proceeding whether in arbitration, court, or otherwise. . . ."

On August 6, 2024, plaintiff filed a class action lawsuit asserting claims for wage and hour violations based on, among other things, the alleged failure of defendant to properly pay overtime wages as well as to provide appropriate meal and rest periods. On October 9, 2024, plaintiff filed an amended complaint to add individual and representative PAGA claims based on the same wage and hour allegations.

Defendant filed a motion to compel arbitration of plaintiff's individual PAGA claims and requested the representative claims be stayed. In opposition, defendant argued the Agreement excluded both individual and representative PAGA claims from arbitration. The court agreed with defendant's position given "the operative law at the time plaintiff's PAGA claims were made . . . banned pre-dispute waiver[] of rights to bring PAGA claims on [a] representative basis . . . ."

## DISCUSSION

It is an "overarching principle that arbitration is a matter of contract." (*American Express Co. v. Italian Colors Restaurant* (2013) 570 U.S. 228, 233.) For this reason, except under circumstances not applicable here, courts confronted with deciding whether the parties agreed to arbitrate a certain matter "'should apply ordinary state-law principles that govern the formation of contracts.'" (*Sandquist v. Lebo Automotive, Inc.* (2016) 1 Cal.5th 233, 244.)

"'[W]hen the language of a contract is plain and unambiguous it is not within the province of a court to rewrite or alter by construction what [the parties have] agreed upon.' [Citation.]" (*Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478, 502–503.) Where, as in this case, there is no conflicting evidence, the trial court's interpretation of an arbitration agreement is reviewed de novo. (*Trinity v. Life Ins. Co. of North America* (2022) 78 Cal.App.5th 1111, 1120.)

### I. *Ambiguity*

The contractual language is unambiguous. It distinguishes PAGA claims generally from PAGA claims made on a "representative basis." If the operative law at the time the PAGA claim is made precludes a pre-dispute waiver of representative PAGA claims, then PAGA claims in general (including individual claims) are excluded from the requirement of arbitration.

The PAGA claims were made in the amended complaint on October 9, 2024. At that time, the law was settled—an employment agreement that compels the waiver of representative PAGA claims is "contrary to public policy and unenforceable as a matter of state law." (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59, Cal.4th 348, 384 (*Iskanian*); see also

4

*Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, 662–663 (*Viking River*) [upholding the *Iskanian* rule regarding pre-dispute waiver of representative PAGA claims].)  Accordingly, the Agreement excludes individual PAGA claims from arbitration.

Defendant argues the requirement that the operative law "precludes" the right to bring representative PAGA claims means that the pre-dispute PAGA waivers must be "made impossible, or ruled out beforehand."  She points out, *Viking River* did not hold that the right to bring a representative PAGA claim was banned, rather it held the representative claims were not arbitrable but the individual PAGA claim was subject to severance and arbitration.  Defendant argues, *Viking River* "permitted pre-dispute waivers of the right to bring PAGA claims on a representative basis to the extent that individual and non-individual PAGA claims can be split and adjudicated in bifurcated proceedings."

We acknowledge *Viking River* held that a provision in an agreement to arbitrate that waives individual PAGA claims may be valid while language included in the same provision that waives representative PAGA claims is unenforceable.  (*Viking River*, *supra*, 596 U.S. at p. 662.)  But it is difficult to harmonize that holding with defendant's interpretation of the Agreement for two reasons.

First, defendant's argument does not account for the placement of subsection (B) under the heading "Claims not Covered by this Agreement."  The provision is not concerned with whether claims are "made impossible" or barred completely; it is simply addressing whether claims are subject to arbitration under the Agreement.

5

Second, *Viking River* is generally cited as upholding the rule *precluding the waiver* of the right to bring a representative PAGA action. (*Barrera v. Apple American Group LLC* (2023) 95 Cal.App.5th 63, 81–82; *Galarsa v. Dolgen California, LLC* (2023) 88 Cal.App.5th 639, 649.) In the Agreement, the target of the word "precludes" (or what is being precluded) is the pre-dispute *waiver* of the right to bring representative claims, not the act of including an illegal pre-dispute waiver in the Agreement or bringing a representative claim that is not subject to an arbitration agreement.

The exclusion from arbitration applies to individual claims if the operative law at the time the PAGA claims are made precludes or prohibits the waiver of the right to bring representative claims. This case falls squarely within those parameters. As the trial court pointed out, the provision is "sensible . . . because it avoids the possibility of inconsistent rulings between an arbitrator adjudicating an individual PAGA claim and a judge handling representative, non-individual PAGA claims." The Agreement is not ambiguous.

## II.    *Public Policy*

Under state and federal law, there is a public policy favoring arbitration. (*Morgan v. Sundance, Inc.* (2022) 596 U.S. 411, 417–418; see also *OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 125.) "The policy favoring arbitration, however, does not apply when unambiguous language shows the parties did not agree to arbitrate all or a part of the dispute." (*Duran v. EmployBridge Holding Co.* (2023) 92 Cal.App.5th 59, 66.) Such is the case here. Arbitration of the individual PAGA claims is precluded by the

unambiguous language of the Agreement and the operative law at the time the individual PAGA claims were made.[2]

---

[2] Defendant requests the representative claims be stayed pending arbitration of the individual claims. Because the individual claims are not subject to arbitration, there is no need for a stay. The request is denied.

## DISPOSITION

The order denying defendants' motion to compel arbitration is affirmed.  Plaintiff is to recover costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


KUMAR, J.*

We Concur:


MOOR, Acting P. J.


KIM (D.), J.

---

* Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.